|   |   |   |
|---|---|---|
| 1 | | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELTEN P. DOTSON, <br><br> Plaintiff, <br><br> v. <br><br> EVERGREEN PUBLIC SCHOOL DISTRICT, et al., <br><br> Defendant. | CASE NO. 3:11-cv-06059-RBL <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE |

This matter is before the Court on Plaintiff's Motion for an Order to Show Cause why the Defendants should not be compelled to have separate counsel [Dkt. #11]. Plaintiff Dotson sued Evergreen Public School District and three of its employees for sexual harassment by one of those employees (Gustafson). Gustafson has separate counsel. The remaining defendants, Evergreen, Deeder (the superintendant of Evergreen School District), and Piland (Evergreen's Human Resources Supervisor), are represented by the same attorneys.

Plaintiff asks the court to compel defendants to retain separate counsel, arguing that there is a potential conflict of interest under RCP 1.7 among the defendants. Plaintiff recites a number of generic situations in which a conflict between or among multiple defendants *might* arise. She does not allege that any of these situations is, or will be, present in this case. The only potential

conflict she cites (and which is otherwise apparent from the record) is that Evergreen might claim that its Defendant employees were *not* acting within the scope of their employment, while the Defendant employees simultaneously claimed that they *were* so acting. Defendants' Response states unequivocally: "Evergreen acknowledges that Piland and Deeder were acting within the scope of their employment when they investigated and disciplined Plaintiff." [Dkt. #10 at pp. 4-5]. This position is binding, and dispositive.

The Plaintiff's claim of a potential conflict is speculative, at best. Such claims can be raised for strategic purposes (in order to increase the cost of defense). While it cannot be said that this is the case here, it can be said that there is no conflict on the record presented. The Court relies on attorneys as officers of the Court, and as a rule leaves the determination of conflicts to the attorneys in the first instance.

The Plaintiff's Motion for an Order to Show Cause is DENIED.

Dated this 30th day of March, 2012.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE